**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| SUSAN MANSER, individually and as next friend to A.M.<br><br>*Plaintiffs*,<br><br>v.<br><br>TEHUM CARE SERVICES, INC., et al.,<br><br>*Defendants*. | ) | No. 2:25-cv-00078-JMD |

**ORDER GRANTING MISSOURI DEPARTMENT OF CORRECTIONS'S AND CHANTAY GODERT'S MOTION TO DISMISS**

Susan Manser alleges that her husband, inmate Brian Manser, died a preventable death from complications of bladder cancer. She sues the Missouri Department of Corrections and prison warden Chantay Godert under 42 U.S.C. § 1983 for being deliberately indifferent to Brian Manser's inadequate medical treatment. She also sues healthcare workers and companies under state law.

The Court dismisses the federal claim. The department is a state agency that cannot be sued under § 1983, and Godert lacked notice of any systemic problems in the prison healthcare system. Because only a claim under state law remains, the Court declines supplemental jurisdiction and remands to state court.

**Background**

In ruling on the motion to dismiss, the Court accepts as true all facts alleged in Susan Manser's petition, ECF 7. Susan Manser individually and as next friend on behalf of A.M. sues several defendants regarding the death of her husband and A.M.'s father, Brian Manser, an inmate at the Northeastern Correctional Center. These defendants include healthcare

providers, healthcare personnel, the Missouri Department of Corrections, and prison officials.

Brian Manser died on September 21, 2022, from complications of advanced bladder cancer. He had started manifesting symptoms of bladder cancer "as early as May 2021." ECF 7 ¶ 38. The symptoms included "gross hematuria (blood in urine) with visible blood clots, painful urination, and suprapubic pain," and worsened over the following months. *Id.* ¶¶ 38–43. Manser alleges the defendants observed these symptoms yet "inappropriately treated [Brian Manser's] condition as a simple urinary tract infection" rather than ordering a diagnostic test for bladder cancer." *Id.* ¶ 43.

Subsequently, Brian Manser underwent an ultrasound on November 23, 2021, and a CT scan on February 14, 2022, revealing a growing mass on his right bladder wall. *Id.* ¶¶ 44–45. He underwent a bladder-cancer diagnostic test on March 25, 2022, which "confirmed a large bladder tumor on the right bladder wall." *Id.* ¶ 47. He underwent another test on May 11, 2022, which revealed additional details about the tumor. *Id.* ¶¶ 48–49. He was referred to oncology on May 24, 2022, and had his first oncology consultation on June 9, 2022, by which time the cancer had progressed to a more severe stage. *Id.* ¶¶ 50–51. He died on September 21, 2022, from complications associated with his bladder cancer that Manser alleges "could have been diagnosed and treated at a much earlier, more treatable stage." *Id.* ¶ 52.

Susan Manser alleges that her husband died because of negligence on the part of the healthcare defendants, *id.* ¶ 60, and deliberate indifference on the part of the Missouri Department of Corrections and prison officials, *id.* ¶¶ 70–71. She alleges that the defendants repeatedly delayed several steps of Brian's diagnosis and treatment, which contributed to his death. She says that there was a "systemic failure" by prison staff to "ensure that [Brian

Manser] was timely seen by the appropriate healthcare providers" despite their "knowledge of his worsening and increasing symptoms." *Id.* ¶ 53; *see also id.* ¶ 72 (similar). She also alleges prison officials knew that "inmates, including [Brian Manser], were not timely seeing the appropriate specialists for their respective medical conditions . . . [and] did not take adequate corrective or remedial actions to protect them." *Id.* ¶ 55. She sues the Missouri Department of Corrections and two[1] prison officials under 42 U.S.C. § 1983 for allegedly violating Brian's Eighth and Fourteenth Amendment rights. The Missouri Department of Corrections and prison warden Chantay Godert move to dismiss Manser's claim against them under Federal Rule of Civil Procedure 12(b)(6). ECF 22.

**Standard of Review**

To survive a motion to dismiss for failure to state a claim, a complaint needs only plead enough factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court "accept[s] the factual allegations in the complaint as true and draw[s] all reasonable inferences in the nonmovant's favor." *Healy v. Fox*, 46 F.4th 739, 743 (8th Cir. 2022) (citation omitted). A claim is plausible when the pleaded facts permit a reasonable inference that the defendant is liable for the alleged misconduct. The nonmovant may not rely on mere "labels and conclusions," a "formulaic recitation of the elements," or "naked assertion[s]" without further factual enhancement. *Iqbal*, 556 U.S. at 678 (citation omitted).

[1] It does not appear that the second prison official, Tessa Galloway, was properly served. *See* ECF 1-1 at 70. Even if she had been, dismissal of the claims against her would be appropriate for the same reasons as for Godert.

## Analysis

### I.

Godert, as sued in her official capacity, and the Missouri Department of Corrections argue they cannot be liable under § 1983 because they are not "persons." Manser does not respond to this argument in her response, thus abandoning her claim. *See Carter v. Frederickson*, No. 2:24-cv-00039-HEA, 2024 WL 4502249, at *3 (E.D. Mo. Oct. 15, 2024) (collecting cases). But Godert and the department are correct as a matter of law, because "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Boyle v. Missouri Dep't of Corr.*, No. 1:24-CV-00006-CDP, 2024 WL 2152449, at *5 (E.D. Mo. May 14, 2024) (applying the same to "an agency exercising state power"). The Court dismisses all claims against Godert in her official capacity and against the department.

### II.

Godert also argues that she is entitled to qualified immunity in her personal capacity. Even construing all facts and reasonable inferences in favor of Manser, Godert is correct, so the Court grants the motion to dismiss the claim against Godert.

A government official has qualified immunity from suit under § 1983 unless she (1) violates a constitutional right; and (2) the right was clearly established at the time. *Wood v. Moss*, 572 U.S. 744, 757 (2014). A government official may violate a clearly established constitutional right when she is deliberately indifferent to an inmate's objectively serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). Godert, a supervisor, cannot be held vicariously liable under § 1983. *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001). But an official who was not directly involved in an alleged constitutional violation can still be liable as a supervisor if she "(1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts."

*S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Manser has failed to satisfy either prong.

**A.**

Manser has not established sufficient notice. To do so, a plaintiff must allege the official had "notice of a pattern of conduct that was sufficiently egregious in nature." *Id.*; *see also DeGidio v. Pung*, 920 F.2d 525, 532 (8th Cir. 1990) (recognizing that "repeated negligent acts indicating systemic deficiencies in the method of providing medical care" may constitute deliberate indifference). Manser relies on insufficient allegations about the defendants' knowledge of Brian Manser and stray remarks about "other inmates." Neither is sufficient.

As to Brian Manser, Susan Manser says that "Defendants," without specifying who, "knew [Brian Manser] had presented to medical staff multiple times, needed specialized treatment, needed that treatment from [a] specialist and needed it timely." ECF 7 ¶ 72; *see also id.* ¶ 52 (alleging "knowledge of [Brian Manser's] worsening and increasing symptoms" by prison officials). She also says that "Defendants" were directly involved in Brian Manser's treatment, without specifying which defendants. *See, e.g.*, *id.* ¶ 41 ("Over the following months, [Brian Manser] repeatedly presented to Defendants with worsening symptoms . . . ."); *id.* ¶ 43 ("Defendants inappropriately treated [Brian Manser's] condition as a simple urinary tract infection with antibiotics . . . ."). Those allegations fail for two reasons.

First, her focus on Brian Manser fails to establish notice sufficient for supervisory liability because "individual and isolated incidences of medical malpractice or negligence" are insufficient "without some specific threat of harm from a related system wide deficiency." *Davis v. Buchanan Cnty., Mo.*, 11 F.4th 604, 625 (8th Cir. 2021) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1245 (8th Cir. 1997)). Taking as true Susan Manser's allegations

about allegedly deficient treatment of Brian Manser, the complaint is insufficient to establish a systemwide deficiency. *See, e.g.*, *id.* at 624–26 (holding that "two allegations of inadequate care by two inmates . . . [did] not meet the rigorous standard to give notice," even if the officials had "accepted responsibility in their settlement" of one of them).

Second, Manser makes many allegations about "Defendants," without specifying any defendant in particular. But these allegations "lump[] all defendants together and do[] not sufficiently allege who did what to whom," and so they fail to support Manser's claim. *Boggs v. Am. Optical Co.*, No. 4:14-cv-01434-CEJ, 2015 WL 300509, at *2 (E.D. Mo. Jan. 22, 2015) (cleaned up). In her response brief, Manser contends that "as warden responsible for overseeing [the prison's] operations, Defendant Godert would necessarily have known about [inadequacies in Brian Manser's treatment] through inmate grievances, medical reports, and institutional oversight." ECF 26 ¶ 13. But nothing in her complaint suggests this. Manser never alleges that Godert received inmate grievances or medical reports, nor any other means by which Godert may have learned of Brian Manser's treatment.

Manser's assertions concerning "other inmates" similarly fail to establish sufficient notice. She says, without explanation, that "other inmates" also did not receive timely medical attention even though the defendants had "actual knowledge of the systemic problems." ECF 7 ¶ 54; *see also id.* ¶ 55 ("[I]nmates, including [Brian Manser], were not timely seeing the appropriate specialists . . . ."). The stray references to "other inmates" are only "naked assertions" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation omitted). They are insufficient to establish systemwide deficiencies. Thus, Manser fails to show Godert had "notice of a pattern of unconstitutional acts committed by a subordinate," as is necessary to state a claim for supervisory liability. *Krigbaum*, 808 F.3d at 340.

**B.**

Because Manser has not pleaded sufficient facts to establish notice, she also cannot establish Godert's deliberate indifference to unconstitutional acts committed by a subordinate. To be deliberately indifferent, an official must exhibit a "level of culpability equal to the criminal law definition of recklessness," which means the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009) (cleaned up). In the medical context, an inmate must show he "suffered from an objectively serious medical need" and that the official "knew of the need yet deliberately disregarded it." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).

Although Godert does not challenge whether Brian Manser suffered from an objectively serious medical need, without "notice of the alleged violations," a supervisor "cannot be liable for [her supervisee's] alleged constitutional violations." *Otey v. Marshall*, 121 F.3d 1150, 1156 (8th Cir. 1997). As discussed above, the defect in Manser's petition is not that she "has not presented proof of [her] claims," but that she has not alleged nonconclusory facts that support a plausible claim for relief. ECF 26 ¶ 25. Manser does not plead facts that would support an inference that Godert had notice of Brian Manser's treatment or systemic problems in the prison's medical operations. Without notice, Godert could not have "draw[n] the inference" that Brian Manser's treatment was so deficient as to be unconstitutional, as is necessary to state a claim for supervisory liability. *Krigbaum*, 808 F.3d at 341 (citation omitted).

**III.**

Having concluded that the claim under federal law must be dismissed, and having considered the "four factors enumerated in the federal supplemental-jurisdiction statute," *Wong v. Minn. Dep't of Hum. Servs.*, 820 F.3d 922, 933 (8th Cir. 2016), the Court declines to

exercise supplemental jurisdiction over the remaining claim, which was brought under state law. The defendants asserted only federal-question jurisdiction in their notice of removal, and the time for asserting a new basis of jurisdiction has passed. *See Turner v. Am.'s Car Mart, Inc.*, No. 1:23-cv-00197-ACL, 2024 WL 277944, at *4 (E.D. Mo. Jan. 25, 2024). A district court "ordinarily should" decline supplemental jurisdiction when it has "dismissed all claims over which it has original jurisdiction." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025).

**Conclusion**

Manser has failed to state a plausible claim upon which relief can be granted against the Missouri Department of Corrections and Chantay Godert. The Court declines supplemental jurisdiction.

**IT IS HEREBY ORDERED** that the Missouri Department of Corrections' and Chantay Godert's Motion to Dismiss, ECF 22, is **GRANTED**. The remainder of the case is remanded to state court.

Dated this 16th day of September, 2026.

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI